**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**DENISE M. FOX, et al.,**                                      CASE NO. 3:26 CV 750

     Plaintiffs,

     v.                                              JUDGE JAMES R. KNEPP II

**DOUGLAS J. FOX,**

     Defendant.                                      **ORDER OF DISMISSAL**

Plaintiffs Denise M. Fox, Joshua D. Fox, Alesha N. Betz, and Kayla R. Gibbs filed a Complaint in this action invoking this Court's subject matter jurisdiction "based upon diversity of citizenship." (Doc. 1, at 2). When a plaintiff invokes this Court's diversity jurisdiction, complete diversity of parties is required, meaning the citizenship of each plaintiff must be different from the citizenship of each defendant. *See Caterpillar Inc v. Lewis*, 519 U.S. 61, 68 (1996). At all times, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc.*, *v. Creation Ministries Int'l., Inc.*, 556 F.3d 459, 465 (6th Cir. 2009) (citing *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990)).

Here, Plaintiffs' Complaint does not provide jurisdictional allegations beyond the addresses of each party. *See* Doc. 1, at 1–2. These addresses indicate Plaintiff Kayla R. Gibbs and the Defendant, in both his individual capacity and his capacity as trustee of the Ernestine D. Fox Trust, reside in the state of Michigan. *Id.* A defendant and a plaintiff sharing the same state of residence destroys complete diversity, as a party's residence is a necessary but not sufficient condition for establishing that party's domicile—the final determinant of the party's state of

citizenship. *See Bateman v. E.I. DuPont De Nemours & Co.*, 7 F. Supp. 2d 910, 911 (E.D. Mich. 1998) ("A citizen can change his/her domicile instantly by taking up residence . . . with the intent to remain.").

Thus, because Plaintiff's Complaint facially demonstrates an absence of complete diversity between the Parties, the Court must dismiss this action. Fed. R. Civ. P. 12(h)(3). Because the Court lacks jurisdiction to determine the merits of Plaintiff's suit, such dismissal is without prejudice.

IT IS SO ORDERED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: April 10, 2026